# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**NOREEN WISCOVITCH-RENTAS,**

    Appellant,

    v.

**PLASTIC PIPING PRODUCTS OF PUERTO RICO, INC.,**

    Appellee.

Civil No. 08-1736 (GAG)

Bankruptcy No. 04-04781 (GAC)

## OPINION AND ORDER

Debtor Maxon Engineering Services, Inc. filed a voluntary petition under Chapter 11 on May 4, 2004. The debtor filed schedules on May 24, 2004 and disclosed payments made within ninety days of the filing of the petitions (Bankruptcy No. 04-04781, Docket No. 40 at 114-35). The case was converted to Chapter 7 on June 13, 2006 and Noreen Wiscovitch-Rentas was appointed interim trustee on June 14, 2006. On June 11, 2007, the Chapter 7 trustee filed various adversary proceedings for recovery of preferential payments made to several defendants on account of pre-petitions debts. The defendants were primarily suppliers to the debtor corporation. All the defendants, among them Appellee Plastic Piping Products of Puerto Rico, Inc., moved to dismiss the complaints claiming that they were time-barred. The trustee opposed the motions to dismiss contending that the statute of limitations had been equitably tolled given that the debtor prolonged the Chapter 11 case until the limitations period expired in order to prevent the trustee from exercising her avoidance powers and suing insiders. The bankruptcy court granted the motions to dismiss finding that there was no equitable tolling of the statute of limitations and that, henceforth, the actions were time-barred. For the reasons set forth below, the court **AFFIRMS** the judgment of the Bankruptcy Court.

**I.**  **Jurisdiction**

This is an appeal of the Decision and Order by the United States Bankruptcy Court for the District of Puerto Rico on June 2, 2008 in Bankruptcy Case No. 04-04781 (GAC). The Bankruptcy Court had jurisdiction pursuant to 28 U.S.C. § 1334, which confers jurisdiction on this court as to

**Civil No. 08-1736 (GAG)**                                              2

all matters arising under 11 U.S.C. §§ 101 et seq., and pursuant to this court's resolution dated July 19, 1984, which, in turn, refers all Title 11 matters to the United States Bankruptcy Court for the District of Puerto Rico.  This court has appellate jurisdiction pursuant to 28 U.S.C. § 158(a)(1).

**II.     Standard of Review**

Appellate courts reviewing a bankruptcy appeal generally apply the "clearly erroneous" standard to findings of fact and *de novo* review to conclusions of law.  TI Fed. Credit Union v. DelBonis, 72 F.3d 921, 928 (1st Cir. 1995); In re Savage Indus., Inc., 43 F.3d 714, 719-20 n.8 (1st Cir. 1994).  Where the issue on appeal is essentially one of statutory interpretation, appellate courts review the issue *de novo*.  In re San Miguel Sandoval, 327 B.R. 493, 506 (1st Cir. BAP 2005) (citing Jeffrey v. Desmond, 70 F.3d 183, 185 (1st Cir. 1995)).  In addition to the clearly erroneous and *de novo* standards of review, "[t]he appellate court in a bankruptcy appeal may apply an abuse of discretion standard of review of a decision or action by a Bankruptcy Court when such decision is within the discretion of the Bankruptcy Court."  Id. (quoting 9E Am.Jur.2d Bankruptcy § 3512 (2004)).

**IV.     Discussion**

After an extensive review of the appellant's and appellee's briefs, as well as the Decision and Order by the Bankruptcy Court and independent research done by this court, the court finds that the Bankruptcy Court's rationale in its Decision and Order was correct.  Therefore, this court adopts the well-reasoned opinion of the Bankruptcy Court.  The Bankruptcy Court found that "it would be inequitable to allow the trustee to use the doctrine of equitable tolling to bring these actions against general trade creditors for prepetition preferences, since these defendants played no role in the alleged wrongful conduct perpetrated by the debtor's representative post-petition."  In re Maxon Engineering Services, Inc., 397 B.R. 228, 231 (Bankr.D.Puerto Rico 2008).  Furthermore, this court wants to emphasize that other courts "have refused to equitably toll section 546(a) based upon a case's conversion to chapter 7 after the limitation period as [sic] run on the ground that the estate's creditors ought to ensure that a chapter 11 debtor in possession diligently pursues the estate's causes of action prior to conversion."  5 Collier on Bankruptcy ¶ 546.02[3] (15th Ed. Rev. 2008) (citations omitted).

**V.     Conclusion**

For the aforementioned reasons, the judgment of the Bankruptcy Court is hereby **AFFIRMED**.

**SO ORDERED**.

In San Juan, Puerto Rico this 11th day of February 2009.

*S/Gustavo A. Gelpí*

GUSTAVO A. GELPI
United States District Judge